IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

THOMAS P. STURM,

     **Plaintiff,**

v.                                                    CIVIL ACTION NO. 2:06-0342

THE BOARD OF EDUCATION OF
KANAWHA COUNTY, WEST VIRGINIA,

     **Defendant.**

<u>MEMORANDUM OPINION</u>

     Pending before the court is defendant's motion to dismiss (Doc. No. 2). Plaintiff failed to file a response to defendant's motion in the time provided under Local Rule of Civil Procedure 4.01(c). For the reasons outlined below, in a separate Judgment and Remand Order, the court grants defendant's motion to dismiss as to all of plaintiff's claims arising under federal law because plaintiff did not properly exhaust administrative remedies.

     However, the court denies defendant's motion as to all of plaintiff's state law claims, preferring instead to remand them to the state court from which they originated. As such, the court will remand plaintiff's state law claims to the Circuit Court of Kanawha County, West Virginia.

     Finally, for the reasons outlined below, in the separate Judgment and Remand Order, defendant's motion for fees is denied.

## A.  Factual Background

Plaintiff attended the public schools of West Virginia, and graduated from Sissonville High School in May 2004.  (<u>See</u> Complaint, Doc. No. 1 Ex. A ¶¶ 2-6.)  Plaintiff entered elementary school under a special education program, and received special instruction beginning in the first grade.  (<u>Id.</u> ¶ 7.) Plaintiff was diagnosed with Attention Deficit Hyperactive Disorder in 1993 and has been treated for the condition since. (<u>Id.</u> ¶ 8.)  Additionally, plaintiff indicates that his IQ is in the low average range of intellectual ability, and that it, along with other conditions, required him to participate in special education classes.  (<u>Id.</u> ¶ 9.)  In 1999, plaintiff was diagnosed with depressive disorder which resulted in his hospitalization. (<u>Id.</u> ¶ 10.)

In his Complaint, plaintiff alleges that the education provided him by defendant was defective on a number of grounds. (<u>See</u> <u>id.</u> ¶¶ 11-18.)  As a result of this education, plaintiff indicates that, at the time of his last individualized education program ("IEP"), he read at a third-grade level, had difficulty locating specific details in a textbook passage, drawing a conclusion, determining a sequence of events, and locating information to promote understanding.  (<u>Id.</u> ¶ 18.)  It was noted late in his last semester of high school that he was failing.

-2-

(<u>Id.</u>)  Notwithstanding these problems, plaintiff received a diploma at the end of the spring semester.  (<u>Id.</u>)

Having reached the age of majority, plaintiff filed suit in the Circuit Court for Kanawha County, West Virginia, alleging that defendant's actions violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 <u>et</u> <u>seq.</u>, Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 791 <u>et</u> <u>seq.</u>, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 <u>et</u> <u>seq.</u>, the West Virginia Human Rights Act, W. Va. Code § 5-11-1 <u>et</u> <u>seq.</u>, W. Va. Code § 18-1-4 <u>et</u> <u>seq.</u>, as well as rights provided under the common law of the State of West Virginia.  (<u>See</u> Complaint, Doc. No. 1 Ex. A ¶¶ 21-47.)  Defendant timely filed a motion to remove to federal court pursuant to 28 U.S.C. § 1452(a), and has now filed a motion to dismiss.

### B.  Standard of Review

Defendants have moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To succeed on a motion to dismiss under Rule 12(b)(6), defendants must demonstrate that plaintiff's claims are "so insubstantial, implausible, foreclosed by prior decisions of the [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  <u>Steel Company v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998).  Defendants allege that dismissal is appropriate because "[p]laintiffs can prove no set[]

-3-

of facts that would support their claims." (Doc. No. 10 at 4) (citing <u>Flood v. New Hanover County</u>, 125 F.3d 249, 257 (4th Cir. 1987).

A Rule 12(b)(6) motion tests the sufficiency of the pleading.  It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." <u>Republican Party of North Carolina v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted).  In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations in the complaint accepted as true.  <u>Id.</u> Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

### C.  Analysis

**1.  Claims Arising Under Federal Law**

    **a.  Administrative Exhaustion and Plaintiff's Federal Claims**

Defendant's motion to dismiss contends that plaintiff's Complaint is flawed in a number of ways.  Having reviewed the Complaint and applicable case law, the court finds that plaintiff has failed to properly exhaust administrative remedies regarding his claims under federal law.  As such, for the reasons outlined below, the court, in the accompanying Judgment and Remand Order, dismisses plaintiff's claims under federal law without prejudice.

-4-

IDEA provides that children with disabilities are entitled to a "free appropriate public education." 20 U.S.C. § 1400(c)(3).  As part of the statute, IDEA requires that a parent, before bringing suit for violation of IDEA, must exhaust administrative remedies and procedural safeguards that are put in place by the applicable state agency.  20 U.S.C. § 1415(f), (i)(2)(A); MM v. Sch. Dist., 303 F.3d 523, 535-36 (4th Cir. 2002).[*]  The courts only recognize three narrow exceptions to

---

[*]    This discussion applies to all of plaintiff's federal claims.  20 U.S.C. § 1415(l) provides that:

> Nothing under this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required as had the action been brought under this subchapter.

All of plaintiff's claims fall under the ambit of this subsection, so the court's analysis applies equally to Counts One through Four of plaintiff's complaint.  (See Doc. No. 1 Ex. A ¶¶ 21-35.)  As the Eleventh Circuit once noted, "any student who wants 'relief that is available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute." Babicz v. Sch. Bd., 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) (citing Charlie F. v. Bd. of Educ., 98 F.3d 989, 991 (7th Cir. 1996)).  Further, as here, it is clear that litigants cannot "avoid the exhaustion requirement by simply asking for relief that administrative authorities [cannot] grant," such as money damages.  See N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1378 (11th Cir. 1996), cert. denied, 519 U.S. 1092 (1997).

this exhaustion requirement, (1) when the administrative process would be futile, (2) when a school board fails to give parents proper notice of their administrative rights, or (3) when administrative exhaustion would severely harm a disabled child. Id. at 536 (listing cases).  Lawsuits under IDEA are intended only where a party disagrees with a decision resulting from the process outlined in 20 U.S.C. § 1415.  See id. § 1415(i)(2).

There is no indication in this case that plaintiff exhausted applicable administrative processes before filing this civil action in the Circuit Court of Kanawha County, West Virginia.  As such, all of plaintiff's claims arising under Federal law must be dismissed.  As such, in the accompanying Judgment and Remand Order, plaintiff's Counts One through Four are dismissed without prejudice.

### b.   Defendant's Motion for Fees and Costs

Because plaintiff filed this lawsuit prior to exhausting his administrative remedies, defendant contends that it is entitled to the fees and costs it incurred in defending itself from plaintiff's lawsuit.  (See Doc. No. 3 at 6-7.)  Defendant notes

---

Cf. Covington v. Knox County Sch. Sys, 205 F.3d 912, 917-18 (6th Cir. 2000) (holding that, where damages are the only remedy, administrative exhaustion is not a prerequisite to filing suit, but distinguishing such a situation from Doe v. Smith, 879 F.2d 1340, 1341-42 (6th Cir. 1989), a case which is closer factually to plaintiff's).

that the IDEA provides that a court may award attorneys' fees to
the prevailing party.

The relevant provision states that:

> In any action or proceeding brought under
> this section, the court, in its discretion,
> may award reasonable attorneys' fees as part
> of the costs . . . (II) to a prevailing party
> who is a State educational agency or local
> educational agency against the attorney who
> files a complaint or subsequent cause of
>
> action that is frivolous, unreasonable, or
> without foundation . . . .

20 U.S.C. § 1415(i)(3).

Defendant contends that plaintiff's attorney should have
been aware of the requirements under IDEA and the ADA requiring
plaintiff to exhaust his administrative remedies before filing
suit.  (Doc. No. 3 at 7.)  Defendant notes that once plaintiff's
Complaint was filed, it began to incur significant costs,
including attorney's fees, to defend itself in this action.
(Id.)  Defendant argues that it is entitled to attorney's fees
because plaintiff ignored statutory provisions which required him
to exhaust administrative processes before filing suit.

The statute grants this court discretion regarding the award
or denial of attorneys' fees.  20 U.S.C. § 1415(i)(3) (stating
that "[T]he court, in its discretion, may award reasonable
attorneys' fees . . . . ").  Even though plaintiff's attorney
should have been aware of the administrative exhaustion
requirement incident to his federal claims, the award of

-7-

attorneys' fees is warranted in this case.  Plaintiff's federal claims have been dismissed at the outset of this case, and other of plaintiff's claims, as is discussed below, have been remanded to state court.  Should the state court dismiss all of plaintiff's state law claims for procedural reasons, it may want to consider awarding attorneys' fees.  This court will not.  As such, defendant's motion for fees and costs is denied.

**2.  State Law Claims**

Plaintiff's remaining claims arise under state law.  (<u>See</u> Complaint, Counts 5-8, Doc. No. 1 Ex. A ¶¶ 36-47) (stating claims under the West Virginia Human Rights Act, W. Va. Code § 5-11-1 <u>et seq.</u>; W. Va. Code § 55-7-9; and common law negligence and negligent infliction claims).  These claims are only before the court pursuant to 28 U.S.C. § 1367, which grants this court supplemental jurisdiction over "all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" as the other claims that grant the court jurisdiction under Article III of the United States Constitution.

In <u>Carnegie-Mellon University v. Cohill</u>, the Supreme Court indicated a preference for remanding pendant removed claims where the court's jurisdiction over the case-in-chief is lacking.  <u>See</u> 484 U.S. 343, 354 (1988).  <u>See also</u> <u>Yashenko v. Harrah's NC Casino Co., LLC</u>, 2006 U.S. App. LEXIS 10469, at *30 n.4 (4th Cir.

-8-

Apr. 27, 2006) (discussing <u>Cohill</u>).  The Court noted that remanding state law claims to the state courts often "may best promote the values of economy, convenience, fairness, and comity" even when the statute of limitations has not yet expired. <u>Cohill</u>, 484 U.S. at 353-54.

Given that plaintiff originally filed this case in the Circuit Court of Kanawha County, West Virginia, and the court has dismissed all of the federal claims upon which they were pendant, the court will remand plaintiff's state law claims to the Circuit Court of Kanawha County, West Virginia.

### D.  Conclusion

In an accompanying Judgment Order, defendant's motion to dismiss (Doc. No. 2) is granted without prejudice as to plaintiff's claims arising under federal law.  However, in the accompanying Judgment and Remand Order, defendant's motion to dismiss (Doc. No. 2) as to plaintiff's state law claims is denied.  The Judgment and Remand Order also directs the Clerk to send a copy of it, and this Memorandum Opinion, to the Clerk of Courts for the Circuit Court of Kanawha County, West Virginia.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 1st day of June, 2006.

Enter:

David A. Faber
United States District Judge

-9-